670 S.E.2d 368

**Johnny McMILLAN, Jimmie Griner, and Hughsie Trowell, Respondents,**

v.

**SOUTH CAROLINA DEPARTMENT OF AGRICULTURE, Petitioner.**

No. 26567.

Supreme Court of South Carolina.

Heard Oct. 21, 2008.

Decided Nov. 24, 2008.

Rehearing Denied Jan. 7, 2009.

Andrew F. Lindemann and William H. Davidson, II, both of Davidson Morrison & Lindemann, of Columbia, for Petitioner.

John E. Parker and Ronnie L. Crosby, both of Peters, Murdaugh, Parker, Eltzroth & Detrick, of Hampton, for Respondents.

PER CURIAM:

We granted certiorari to review a Court of Appeals decision which upheld an order of a special referee granting respondents a recovery from the Warehouse Receipts Guaranty Fund (the Fund) and awarding them attorneys fees.[1] *McMillan v. S.C. Dep't of Agric.*, 364 S.C. 60, 611 S.E.2d 323 (Ct.App.2005). Petitioner South Carolina Department of Agriculture (SCDA), the Fund's administrator, contends the Fund is not liable to respondents. We agree and reverse.

## FACTS

Respondents, cotton farmers, brokered their cotton to Sea Island Trading Company (Sea Island). Their cotton was stored in the Hampton County Warehouse (HCW). Both HCW and Sea Island were owned by David Prosser. Respondents testified that they received a 52¢/lb advance from Sea Island on the cotton Sea Island was to broker for them. Pursuant to their brokerage agreements, they were to tell Sea Island when to sell the cotton, and depending on the price obtained on the sale date, Sea Island would either pay them additional money, or if the cotton sold for less than 52¢/lb, then they would owe Sea Island money.

At some point Sea Island sold respondents' cotton, apparently without their consent. While the cotton remained stored

---

1. The Court of Appeals reversed that part of the special referee's order awarding respondents prejudgment interest, and respondents did not challenge that ruling by way of a petition for writ of certiorari.

at HCW, and before respondents had received any additional funds from Sea Island, Sea Island, HCW, and Prosser filed bankruptcy. After the bankruptcies, respondents sought to recover from the Fund. SCDA denied the claim, and respondents brought this circuit court action against SCDA.

## ISSUE

Whether respondents are entitled to a recovery from the Fund?

## ANALYSIS

Respondents have conceded that the Court of Appeals went too far in relying upon Prosser's role as a principal in both Sea Island and HCW to hold that the warehouse and the brokerage are "essentially the same entity." Moreover, they now agree that they cannot rely on that part of S.C.Code Ann. § 39–22–200 (Supp.2007), which requires an affidavit under certain circumstances not present here. At oral argument, respondents admitted that they are not relying on any misconduct on the part of HCW, but rather on the fact the cotton they farmed [2] was located in HCW when the warehouse declared bankruptcy. In so doing, they rely on S.C.Code Ann. § 39–22–15, which provides:

> For purposes of this chapter, "loss" means any monetary loss over and beyond the amount protected by a warehouseman's bond sustained as a result of storing a commodity in a state-licensed warehouse including, but not limited to, any monetary loss over and beyond the amount protected by a warehouseman's bond sustained as a result of the warehouseman's bankruptcy, embezzlement, or fraud.

Here, respondents did not suffer "any monetary loss ... as a result of storing a commodity in [HCW]," nor did they sustain any monetary loss "as a result of [HCW's] bankruptcy...." Respondents' loss was the result of Sea Island's wrongful disposition of the cotton they had produced, and its inability to pay them additional sums as a result of its bank-

---

**2.** It is apparent from this record that Sea Island sold the vast majority of the cotton to other brokers before its bankruptcy. Although respondents contest Sea Island's right to sell the cotton, they have not alleged that the buyers were not bona fide purchasers for value.

ruptcy. Respondents did not suffer a warehouse loss within the meaning of § 39–22–15, and therefore were not entitled to receive money from the Fund under § 39–22–150 (Supp.2007).

## CONCLUSION

The decision of the Court of Appeals upholding the special referee's order awarding respondents a recovery from the Fund and attorneys fees is

**REVERSED.**

TOAL, C.J., WALLER, PLEICONES, KITTREDGE, JJ., and Acting Justice LEE S. ALFORD, concur.